# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF TEXAS

UNITED STATES SMALL BUSINESS ADMINISTRATION OFFICE OF INSPECTOR GENERAL, ~~*LN*~~

Requesting Authority, *LN*

LATRINA NAPOLEON

MOVANT

v.

~~WELLS FARGO BANK,~~ *LN*

~~Respondent Financial Institution.~~ *LN*

United States Small Business Administration Office of Inspector General Requesting Authority

Case No. **4-26CV-839-Y**

## CUSTOMER'S MOTION TO QUASH OR LIMIT SUBPOENA FOR FINANCIAL RECORDS PURSUANT TO THE RIGHT TO FINANCIAL PRIVACY ACT OF 1978

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, **LaTrina A. Napoleon ("Movant")**, the customer whose financial records are sought pursuant to the subpoena issued by the United States Small Business Administration Office of Inspector General ("SBA OIG"), and respectfully moves this Court to quash or alternatively limit the subpoena pursuant to the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. §§ 3401–3422.

Movant does not seek to prevent a legitimate governmental inquiry. Rather, Movant respectfully requests that the subpoena be reviewed and limited to ensure that the government obtains only records relevant and necessary to the stated investigative purpose while protecting Movant's privacy rights.

# I. INTRODUCTION AND RELEVANT BACKGROUND

1. SBA OIG issued a subpoena seeking financial records maintained by a financial institution concerning Movant's accounts.
2. The stated purpose of the subpoena is to determine whether Movant's involvement in the SBA Loan Program was conducted in accordance with applicable law and regulations.
3. Movant acknowledges the SBA OIG's authority to investigate potential violations involving SBA programs.
4. However, the subpoena requests broad financial records beginning January 1, 2020, through the present.
5. The SBA loan application referenced in this matter was submitted in March 2025 and funded in April 2025.
6. As such, the subpoena seeks a significant amount of financial information extending years beyond the relevant SBA loan transaction.
7. Movant respectfully submits that the subpoena should be limited to records directly connected to the SBA application, approval, funding, and use of SBA loan proceeds.

# II. CONTEXT REGARDING TIMING AND POTENTIAL RETALIATORY CONCERNS

8. Movant submits that the timing and circumstances surrounding this subpoena require careful consideration by the Court to ensure that the RFPA protections are preserved.
9. Prior to the issuance of this subpoena, Movant engaged in protected administrative activities related to her employment with the SBA, including pursuing workplace complaints and exercising administrative appeal rights.
10. Movant has raised concerns regarding possible disparate treatment and inconsistencies in how her SBA loan transaction was evaluated compared with similarly situated individuals.
11. Following those protected activities, Movant became aware of an increased level of scrutiny regarding her SBA loan transaction.
12. Movant does not assert that the SBA OIG lacks authority to conduct an independent review. However, the existence of this history creates a legitimate concern that broad access to unrelated personal financial records could unnecessarily expand beyond the legitimate purpose identified in the RFPA notice.
13. The Court's review is therefore necessary to ensure that the subpoena remains appropriately limited and is not used as a mechanism to obtain financial information unrelated to the stated investigative purpose.

# III. ARGUMENT

## A. The RFPA Requires Government Requests for Financial Records to Be Relevant and Properly Limited

14. The RFPA establishes protections for customers' financial records while permitting government access for legitimate law enforcement purposes.
15. The government's authority under the RFPA does not provide unlimited access to a customer's complete financial history.
16. The records requested must reasonably relate to the specific investigation identified in the notice.
17. A subpoena seeking broad financial records unrelated to the SBA transaction exceeds what is necessary to accomplish the stated purpose.

## B. The Subpoena Requests Records Outside the Relevant Transaction Period

18. The subpoena seeks records dating back to January 1, 2020.
19. The SBA loan application at issue was submitted approximately five years later, in March 2025.
20. The government has not demonstrated why financial activity occurring years before the SBA application is necessary to evaluate compliance with SBA requirements.
21. Limiting production to the period surrounding the SBA application and funding would provide the government sufficient information while protecting Movant's privacy interests.

## C. The Subpoena Should Not Permit Broad Discovery into Personal Financial Matters Related to an Employment Dispute

22. Movant's employment-related disputes with the SBA involve separate administrative matters.
23. Financial records unrelated to the SBA loan transaction should not become a vehicle for expanded inquiry into Movant's personal financial history.
24. The RFPA requires balancing the government's investigative needs with the individual's right to financial privacy.
25. A narrowly tailored subpoena satisfies both interests.

## D. A Narrowed Subpoena Will Accomplish the Government's Legitimate Purpose

26. Movant proposes that any production be limited to:

- Financial records directly associated with the SBA loan application;
- Documentation submitted in support of the SBA loan;
- Transactions involving SBA loan proceeds;
- Records necessary to verify statements made in the SBA application.

27. This limitation allows SBA OIG to complete its review while avoiding unnecessary disclosure of unrelated personal financial information.

# IV. REQUEST FOR RELIEF

WHEREFORE, Movant respectfully requests that this Court:

1. Quash the subpoena issued by SBA OIG; or alternatively,
2. Limit the subpoena to records directly related to the SBA loan application submitted in March 2025 and funded in April 2025;
3. Require SBA OIG to identify the specific categories of records sought and their relevance to the investigation;
4. Grant any additional relief the Court determines appropriate.

Respectfully submitted,

LaTrina A. Napoleon
6352 Leaping Fawn Drive Fort Worth, TX 76179
817-938-4989

Date: July 9, 2026

"I declare that I am not seeking to prevent a legitimate investigation by the SBA Office of Inspector General. My concern is that the breadth and timing of the subpoena create unnecessary disclosure of personal financial information beyond what is required to evaluate the specific SBA loan transaction. Because I previously engaged in protected administrative activity involving the SBA, including raising concerns regarding treatment and pursuing available appeal processes, I respectfully request that any review of my financial records remain narrowly tailored, objective, and limited to information directly relevant to the SBA loan at issue."

# IN THE UNITED STATES DISTRICT COURT

## FOR THE _____ DISTRICT OF _____

**LATRINA NAPOLEON**                    Docket No._____

v.

## UNITED STATES SMALL BUSINESS ADMINISTRATION

### SWORN DECLARATION UNDER 28 U.S.C. § 1746

### DECLARATION OF LATRINA A. NAPOLEON

I, LaTrina A. Napoleon, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am the individual whose financial records are being requested by the United States Small Business Administration Office of Inspector General.
2. I submit this declaration in support of my Motion to Quash or Limit the subpoena issued pursuant to the Right to Financial Privacy Act.
3. I understand that SBA OIG is reviewing my involvement in an SBA Loan Program transaction.
4. The SBA loan application at issue was submitted in March 2025 and funded in April 2025.
5. The subpoena seeks financial records beginning January 1, 2020, through the present.
6. I believe the request is overly broad because it seeks financial information unrelated to the specific SBA loan transaction.
7. The requested records include private financial information that is not necessary to determine whether my SBA loan application complied with applicable laws and regulations.
8. I respectfully request that the subpoena be limited to records directly related to the SBA loan application, approval, funding, and use of SBA loan proceeds.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 9, 2026.

_____

LaTrina A. Napoleon

# MEMORANDUM OF LAW IN SUPPORT OF CUSTOMER'S MOTION TO QUASH OR LIMIT SUBPOENA UNDER THE RIGHT TO FINANCIAL PRIVACY ACT

## Introduction

The RFPA establishes protections for customers' financial records while allowing government agencies access when conducting legitimate investigations. The subpoena issued by SBA OIG should be limited because it seeks financial records beyond the scope necessary to evaluate the SBA loan transaction identified in the notice.

The government's stated purpose is to determine whether Movant's participation in the SBA Loan Program complied with law and regulations. The request should therefore be limited to records relevant to that inquiry.

## Argument

### I. The Court Should Protect Against Unnecessary Disclosure of Private Financial Information

The RFPA reflects Congress's intent to balance legitimate government investigations with individual privacy rights.

A financial institution should not be compelled to disclose broad categories of records unrelated to the government's investigation.

### II. The Requested Time Period Is Excessive

The subpoena requests records beginning January 1, 2020. However, the SBA loan application occurred in March 2025.

Records unrelated to the application period do not reasonably assist in determining whether the SBA loan application complied with program requirements.

### III. A Narrowed Request Satisfies the Government's Investigative Need

Limiting production to records directly related to the SBA transaction provides the government necessary information while protecting Movant's privacy rights.

# PROPOSED ORDER

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

ORDER GRANTING CUSTOMER'S MOTION TO QUASH OR LIMIT SUBPOENA

Upon consideration of Movant LaTrina A. Napoleon's Motion to Quash or Limit Subpoena pursuant to the Right to Financial Privacy Act, the Court finds:

The subpoena issued by the SBA Office of Inspector General shall be:

☐ QUASHED; OR

☐ LIMITED as follows:

The financial institution shall produce only records directly related to:

1. The SBA loan application;
2. SBA loan proceeds;
3. Transactions involving SBA funds;
4. Documents necessary to evaluate compliance with SBA lending requirements.

SIGNED this ____ day of _____, 20__.

UNITED STATES DISTRICT JUDGE

# 5. CERTIFICATE OF SERVICE

I certify that on July 9, 2026, I served a true and correct copy of the foregoing:

**Customer's Motion to Quash or Limit Subpoena**
**Declaration Under 28 U.S.C. §1746**
**Memorandum of Law**
**Proposed Order**

upon:

Nathania M. Bates
Counsel to the Inspector General
United States Small Business Administration
Office of Inspector General

via electronic mail:

ig.counseldiv@sba.gov

I declare under penalty of perjury that the foregoing is correct.

---

LaTrina A. Napoleon

Date: July 9, 2026





**U.S. SMALL BUSINESS ADMINISTRATION**
**OFFICE OF INSPECTOR GENERAL**
WASHINGTON, D.C. 20416

July 2, 2026

*Via UPS EXPRESS DELIVERY*

Wells Fargo Bank
Attn: Subpoena Service/James Power, Senior Counsel
90 South 7th St., 4th Fl.
Minneapolis, MN  55402

To Whom It May Concern:

Enclosed are two copies of a subpoena issued by the Inspector General, United States Small Business Administration for records held by your company.  One copy of the subpoena is for your records and one is to be returned with the requested documents or other materials.  This subpoena is being served by express delivery service in accordance with 13 C.F.R. § 101.303.

The enclosed subpoena seeks records of accounts believed to be held by LaTrina A. Napolean and is covered by the Right to Financial Privacy Act.  This office is presently engaged in the process of providing notice to LaTrina A. Napolean, in accordance with the provisions of the Right to Financial Privacy Act.  **As such, please do not release the records pertaining to LaTrina A. Napolean until you receive the Certification of Compliance from us.**

Once you receive the Certification of Compliance from us, you must return the requested documents to the Special Agent identified in the subpoena.  Failure to return in a timely manner the requested documents may result in enforcement through federal court and subject you to any penalties provided by law.  Materials required by the subpoena should be accompanied by an index identifying each document or other materials.  If any of the records sought under the subpoena do not exist, attach to a copy of the subpoena an affidavit setting forth the circumstances in full.  Additionally, please take note of the instructions in Section B of the Attachment to Subpoena Duces Tecum concerning the assertion of a privilege.

Fully legible and complete copies of the documents requested will be accepted provided they are accompanied by a certification that the copies were produced from original documents, including original copies, maintained in your files. The required certification is accomplished by completing the Certification of Completeness and Accuracy on page two of the subpoena and returning it to the Special Agent identified in the subpoena.  In addition, the originals must be available to representatives of the Office of Inspector General, upon request, during normal business hours.

Should you have any questions, please contact the Special Agent whose name and telephone number appear on the face of the subpoena.

Sincerely,

NATHANIA
BATES

Digitally signed by
NATHANIA BATES
Date: 2026.07.02 10:02:50
-04'00'

Nathania M. Bates
Counsel to the Inspector General

Enclosures

2

# United States of America
## Small Business Administration
## Office of Inspector General
## Subpoena Duces Tecum

**To:** Wells Fargo Bank, Attn: Subpoena Service/James Power, Senior Counsel

90 South 7th St., 4th Fl., Minneapolis, MN  55402

**You are hereby commanded pursuant to the authority of the Inspector General Act of 1978 (codified as amended at 5 U.S.C. §§ 401-424) to appear before** Special Agent Angelo Pontillo **an official of the Small Business Administration (SBA) Office of Inspector General, at** 150 Westpark Way, Suite 130

**in the City of** Euless **in the District/State of** TX 76040

**on the** 23rd **day of** July 2026 **at** 1 **o'clock p. m. of that day.**

**You are further commanded to bring with you and to produce at that time and place information, documents, answers, records, accounts, papers and other data and documentary evidence pertaining to the matters described in the attachment, which are incorporated herein by reference.**

**This production is needed for:** an investigation or inquiry related to an SBA loan program

**in furtherance of the duty of the SBA Inspector General under the Inspector General Act of 1978 to conduct and supervise audits, investigations and other activities to promote economy, efficiency and effectiveness in the SBA administration of laws and regulations, and to prevent and detect fraud and abuse relating to the programs and operations of the SBA.**

**Upon a failure or refusal to obey, this subpoena is enforceable by order of the appropriate United States District Court.**

**This information is collected pursuant to the Privacy Act, 5 U.S.C. § 552a, which authorizes disclosure of records in accordance with routine uses published in the Federal Register.  The routine uses which may be made of this information were published on April 1, 2009 (http://www.gpoaccess.gov/fr/retrieve.html, select 2009 Federal Register, Vol. 74, pages 14895-14897 (SBA 4), and 14906-14907 (SBA 16)).**

OIG Contact: SA Angelo Pontillo
Telephone: (202)941-6061

**In witness whereof, the seal of the Small Business Administration is affixed hereto, and the undersigned Inspector General (or designee) of the Small Business Administration has hereunto set his/her hand at**

Washington, DC

**this** 2nd **day of** July 2026

File No. 2025-0217408-01

*SBA Form 1220, (9-88) previous editions obsolete*

NATHANIA BATES Digitally signed by NATHANIA BATES
Date: 2026.07.02 10:01:28 -04'00'

Nathania M. Bates, Designee of the
**INSPECTOR GENERAL**

# Return of Service

I hereby certify that a duplicate original of this subpoena was duly served on the person named herein by means of –

1. delivering it in person to:

Name _____

Title _____

Address _____

_____

2. leaving it at the principal office or place of business, to

Description of premises _____

Address _____

_____

3. mailing it by registered or certified mail, electronic mail, or express delivery service; or sending it by fax, to:

Name Wells Fargo Bank
Attn: Subpoena Service/James Power, Senior Counsel

Address 90 South 7th St., 4th Fl.

Minneapolis, MN 55402

Signature _____

Name of person making service Nerun Ampaipast

*Nerun Ampaipast*

Title Assistant Counsel to the Inspector General

Date July 2, 2026

# Acknowledgement of Service

I hereby certify that a copy of this subpoena was served upon me.

Signature _____

Name _____

Title _____

Date _____

# Certification of Completeness and Accuracy

I, _____, was served with a subpoena duces tecum issued by the Inspector General of the United States Small Business Administration on _____, 2026. I, in good faith, have made a diligent search of all materials in my possession, custody, or control and have provided the materials in response to the subpoena. The materials provided are genuine, complete, and in full compliance with the demand for materials made in the subpoena (except as otherwise specified in the attached affidavit).

I state under penalty of law that the foregoing is true and correct.

_____
(Signature)

_____
(Name-typed or printed)

_____
(Title, if applicable)

_____, ____
(Date executed)

_____
(City and State)

WITNESS:

_____

_____
(Signature)

_____
(Name and title)

_____, 20____
(Date)

## ATTACHMENT TO SUBPOENA DUCES TECUM

### A. DEFINITIONS

1. "Respondent" means Wells Fargo, irrespective of the name(s) under which it has done or is doing business; all of its successors, predecessors, subsidiaries, affiliates, joint ventures, branches, divisions, groups, operations, and units.

2. "Document" means, without limitation, any writing, drawing, graph, chart, photograph, recording, image, data or data compilation stored in any medium from which information can be obtained either directly, or after translation by the Respondent into a reasonably useable form.

### B. INSTRUCTIONS

1. This subpoena requires production of all Documents responsive to the specifications that are in Respondent's possession, custody, or control, regardless of where located. If a responsive Document is no longer in Respondent's possession, provide Documents that reflect the transfer or destruction of, or references to, such Documents. If no Documents exist that are responsive to a category of documents requested in Section C below, a written statement to that effect must be provided at the time of production.

2. If Documents are found attached to other Documents, in file folders, computer disks, hard drives, or other storage media that have labels or other identifying information, the Documents must be produced in their condition when found with file folder and label information intact.

3. Where Respondent does not produce all or part of a Document responsive to this subpoena because of a claim of privilege, Respondent must provide a privilege log identifying: 1) the relevant category or categories of documents requested in Section C below to which the Document is responsive; 2) the type of Document being withheld; 3) description of the Document's contents; 4) author(s); 5) actual and intended recipients; 6) Document's date; and, 7) the privilege being asserted, with sufficient particularity to allow the government to assess the validity of the privilege claim.

4. Documents may be produced in paper copy, reasonably useable machine readable format (such as PDF or TIFF), or a combination of paper and machine readable formats. However, it is preferred that Documents be provided in a PDF or electronic format. If you have questions regarding which machine readable formats are reasonably useable, please contact the Special Agent identified on this subpoena.

## C. CATEGORIES OF DOCUMENTS TO BE PRODUCED

For the period beginning January 1, 2020, to present, all Documents in Respondent's possession, custody or control related to accounts (including credit card accounts) held by **LaTrina A. Napolean, xxx-xx-7271** (either jointly or individually).  This includes **account number 0410068258** and **routing number 11900659**, believed to be held by LaTrina A. Napolean. LaTrina A. Napolean is believed to be associated with, but not limited to, the following address:

> 6352 Leaping Fawn Drive
>
> Fort Worth, TX 76179

This subpoena includes, but is not limited to, the following:

1.  Transaction data file(s)
2.  Copies of all signature cards for all depository and credit accounts
3.  Copies of identification utilized to open accounts
4.  Copies of all monthly statements for all depository and credit accounts to include certificates of deposits and CDARs.
5.  Copies of all debits and credits.  All copies shall include images of the front and rear of each specific item.
6.  Copies of all incoming and/or outgoing wire transfers and internal bank transfers posted to any account.
7.  Copies of all loan and credit files, including but not limited to the following: Financial Statements, Loan Applications, Notes, Payment Histories, Security Agreements and or UCCs.
8.  Information regarding safe deposit boxes to include application for said boxes and copies of all entry and/or exit logs from the inception rental agreement(s).
9.  Information pertaining to bank actions freezing, seizing and escheating funds pertaining to the above listed account holders.

If the information requested is stored or maintained by you in a "native" digital format (for example, .msg, .docx, or .pdf files), then please provide the native digital files in response to this subpoena.

**Please provide the responsive documents, data, and records, if available, as data files on CD-ROM, flash drive, or other electronic media.**

## FEE NOTICE

A. Pursuant to the Right to Financial Privacy Act, Title 12, United States Code, Section 3415, financial institutions may be reimbursed for the necessary costs actually incurred for researching, assembling, or providing records to a Government authority.  The Federal Reserve Board has established the following guidelines:

1. *Search and Processing Costs*--May be billed at the following rates for time spent by employees locating, retrieving, reproducing, and preparing financial documents for shipment.  Search and processing costs do not cover analysis of the material or legal advice.

Clerical/Technical, hourly rate - $22.00
Computer Support Specialist, hourly rate - $30.00
Manager/Supervisory, hourly rate - $30.00

Time should be billed in 15-minute increments.  For data stored by computer, the actual cost of computer time and necessary supplies may be included if itemized separately; however, personnel time for computer searches will be paid only at the rates specified above, and only when use of programming or other higher level technical services of a specialist is required to produce the requested information.

2. *Reproduction Costs*--May be billed at the following rates:

Photocopy, per page - $0.25
Paper copies of microfiche, per frame - $0.25
Duplicate microfiche, per microfiche - $0.50
Storage media - actual cost
Copies of photographs, films, and other materials not listed will be reimbursed based on actual cost.

3. *Transportation Costs*--May bill for direct costs incurred to transport employees to locate and retrieve material required.  May also bill for direct costs incurred in transporting material to location required for legal process.

B. An itemized bill or invoice must be furnished to the Office of Inspector General in order to receive reimbursement. However, reimbursement may be made only in connection with the following types of financial records: checking, savings, share, loan or credit card account records pertaining to accounts of individuals or partnerships of five or fewer partners.  Reimbursement cannot be made for records relating to accounts of:

1. Corporations
2. Large Partnerships (6 or more partners)
3. Associations
4. Trusts
5. Government Agencies
6. Other Legal Entities

**\*Please note the SBA OIG will not pay costs in excess of $1,000 absent prior authorization.  If costs for processing this subpoena will exceed $1,000 you must contact the OIG employee identified on the first page of the subpoena for authorization to exceed that limit.**

More detailed information is at 12 C.F.R. § 219.3.  Direct further questions to:

Special Agent Angelo Pontillo
Office of Inspector General
U.S. Small Business Administration
150 Westpark Way, Suite 130
Euless, TX 76040
Tel: 202-941-6061

You may submit responsive documents via electronic mail to Angelo.Pontillojr@sba.gov.  If you wish to mail the requested documents, please address them to:

Office of Inspector General
Small Business Administration
Attn: Special Agent Angelo Pontillo
150 Westpark Way, Suite 130
Euless, TX 76040

**If you have any questions concerning the scope of this subpoena, please contact Special Agent Angelo Pontillo, 202-941-6061.**