**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LATRINA A. NAPOLEON,** *Plaintiff,* | § § § | |
| **V.** | § § | **CIVIL NO. 4:26-CV-952-P** |
| **UNITED STATES SMALL BUSINESS ADMINISTRATION OFFICE OF INSPECTOR GENERAL,** *Defendant.* | § § § § | |

**FINDING, CONCLUSION, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

On July 9, 2026, *pro se* Plaintiff LaTrina A. Napoleon filed a Motion to Quash or Limit Subpoena for Financial Records Pursuant to the Right to Financial Privacy Act of 1978 ("Motion to Quash") [doc. 1]. In the Motion to Quash, Plaintiff, in the Certificate of Service, states that she served Nathania M.. Bates ("Bates"), Counsel of the Inspector General, United States Small Business Administration via electronic mail. (Plaintiff's Motion to Quash ("Pl.'s Mot.") at 8.) However, such service does not comply with Federal Rule of Civil Procedure 4(i).[1] *See U.S., Small Business Admin. v. Bridges*, 894 F.2d 108, 109 (5th Cir. 1990) (stating that the Small Business Administration is a United States agency). Thus, the Court, in an order dated September 15, 2026 [doc. 6], ordered Plaintiff to, *inter alia*, file, no later than October 6, 2026, either proof of proper service as required by Rule 4.1 of the Local Civil Rules or an instrument in affidavit form establishing good cause why such proof cannot be filed.

On October 6, 2026, Plaintiff filed a receipt from the United States Postal Service that indicates she sent, via certified mail, an unidentified document to an unidentified address in Washington, DC [doc. 10]. Such service, however, failed to comply with Rule 4(i), which, in general, requires service on the United

[1] There is an argument that this case should have been opened as a Miscellaneous case, and, thus, would be bound by Federal Rule of Civil Procedure ("Rule") 5 (instead of Rule 4). However, even under Rule 5(b), there is no proof that Bates has consented in writing to service by electronic means.

States Attorney's Office for the district where the action is brought, the Attorney General of the United States at Washington, D.C., and on Defendant. In addition, pursuant to Rule 4(c)(2), service must be completed by someone who is "not a party." *See Smith v. Noem*, No. 3:25-cv-275-L-BN, 2026 WL 2001200, at *10 (N.D. Tex. Feb. 9, 2026). Because Plaintiff is proceeding *pro se*, the Court, in a Second Order Requiring Proof of Proper Service of Motion on Defendant ("Second Order"), dated October 8, 2026 [doc. 11], gave Plaintiff additional time—until October 22, 2026—to serve Defendant in compliance with Rules 4(c)(2) and 4(i). This order noted that, "[i]f Plaintiff fails to comply with this Order, the Court will recommend dismissal of this action without further notice. *See* Fed. R. Civ. P. 4(m)."

On October 21, 2026, Plaintiff filed a Response to the Court's Second Order in which she stated that "[she] ha[s] made efforts to provide the Defendant with the relevant court filing by United States Postal Service (USPS) mail" and "ha[s] retained the USPS receipts associated with the mailing and delivery of the documents." (Plaintiff's Response to Court's Second Order ("Pl.'s Resp.") at 1.) Plaintiff again attached a duplicate of the receipt that she had previously submitted [doc. 10], along with another receipt dated October 9, 2026, that contains similar information regarding the unidentified document she sent via certified mail to an unidentified address in Washington, DC. (Pl.'s Resp. at Exhibits 1 and 2.) These documents, again, fail to show proof of proper service on Defendant as Rule 4(i). Moreover, as noted previously by the Court, service must be completed by someone who is "not a party." *See Smith*, 2026 WL 2001200, at *10.

Because Plaintiff has wholly failed to comply with the Court's September 15, 2026, and October 8, 2026, orders, the Court **FINDS, CONCLUDES, and RECOMMENDS** that the above-styled and numbered cause be **DISMISSED** for failing to comply with the Court's order and for failure to effectuate proper service.

**NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

**ORDER**

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 5, 2026**, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED October 22, 2026.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE